# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBORAH MANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:24-cv-01164** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **HERZFELD, SUETHOLZ, GASTEL,** | ) | **Magistrate Judge Holmes** |
| **LENISKI AND WALL, PLCC,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Herzfeld, Suetholz, Gastel, Leniski, and Wall, PLLC, alleging claims pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets of any kind, her monthly expenses total $650, and she does not expect any major changes to her monthly income or expenses in the next 12 months (*Id.*) Plaintiff did not provide a residential address and appears to be unhoused. Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In

1

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v.*

2

*Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

The complaint alleges that the law firm of Herzfeld, Suetholz, Gastel, Leniski, and Wall discriminated against Plaintiff. In describing her injuries, Plaintiff lists "power of attorney, discrimination, civil rights, human rights, lives, Constitution." (Doc. No. 1 at PageID# 5).[1] The complaint does not explain who discriminated against Plaintiff or what actions were taken. For relief, the complaint seeks "questioning, explanations, answers, order of protections, and [undecipherable]." (*Id.*)

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8, fails to state a claim upon which relief can be granted, and cannot survive screening under Section 1915(e)(2).

Plaintiff brings her complaint under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

---

[1] Plaintiff's handwritten complaint is, for the most part, illegible. The Court has made its best attempt to fairly evaluate Plaintiff's allegations.

Case 3:24-cv-01164   Document 5   Filed 05/06/25   Page 3 of 4 PageID #: 18

The only named Defendant to the complaint is a law firm. The law firm is a professional limited liability company. The complaint does not allege that the law firm is a state actor subject to suit under Section 1983. This failure to identify a defendant acting under color of state law is a failure of the required "basic pleading essential[s]." *See Sango R. Ault*, No. 1:14-CV-345, 2014 WL 1744726, at \*3 (W.D. Mich. Apr. 30, 2014)

Even if Plaintiff had named a state actor as a defendant, the scant allegations set forth in the complaint do not satisfy Federal Rule of Civil Procedure Rule 8. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.").

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e) because she has not named a defendant who can be sued under Section 1983. Further, the complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4